**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| AFFORDABLE COMMUNITIES OF MISSOURI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:08-CV-1509 CAS |
| EF&A CAPITAL CORP., f/k/a EF&A FUNDING CORP., a Florida Corporation, et al., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This removed diversity matter is before the Court on plaintiff's motion to remand the case to state court. The defendants oppose the motion and it is fully briefed. For the following reasons, plaintiff's motion to remand must be granted, as the Court concludes that it lacks subject matter jurisdiction over this matter.

**Background**.

This matter was originally filed in this Court on April 28, 2008, as Case No. 4:08-CV-591 CAS. On May 1, 2008, the Court issued a Memorandum and Order in Case No. 4:08-CV-591 CAS which stated, among other things, that the complaint did not adequately establish the citizenship of each member of the plaintiff limited partnership and the citizenship of each member of the defendant limited liability company. In response, the plaintiff voluntarily dismissed its complaint without prejudice and refiled the action in the Circuit Court for the City of St. Louis, Missouri.

On October 2, 2008, defendants EF&A Capital Corp. and EF&A Funding, LLC (collectively "defendants") removed the action to this Court on the basis of diversity of citizenship.[1] Plaintiff moves to remand, asserting that the current version of the case presents the same jurisdictional concerns that were presented in the original federal court filing. Defendants respond that they have met their burden to establish diversity of citizenship.

**Legal Standard**.

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the court's jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its jurisdiction. See, e.g., Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp., 626 F.2d 280, 282 n.1 (3d Cir. 1980). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal and the existence of federal jurisdiction are to be resolved in favor of remand. Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997)).

There must be allegations of each party's place of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. 28 U.S.C. §§ 1332(a), (c)(1); see Sanders v. Clemco Indus., 823 F.2d 214, 215 n.1 (8th Cir. 1987). For diversity purposes, the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited. Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990); see Buckley v. Control Data Corp., 923

---

[1] Defendant Federal National Mortgage Association has not been served in this action.

F.2d 96, 97 (8th Cir. 1991) (applying Carden). For limited liability companies, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction. GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) ("GMAC"). In the case of a removed action, diversity must exist both when the state petition is filed and when the petition for removal is filed. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (citing 28 U.S.C. § 1447(e)).

**Discussion**.

The Petition alleges that plaintiff is a limited partnership organized and existing under California law, defendant EF&A Capital Corp. ("Capital") is a Florida corporation with its principal place of business in Michigan, and defendant EF&A Funding, LLC ("Funding") is a Michigan limited liability company, of which Capital is the managing member.

In the Notice of Removal, defendants assert upon "information and belief" that plaintiff's general partner is 21st Century Communities, Inc., a California corporation with its principal place of business in California. Defendants also assert on "information and belief" that all of plaintiff's members are residents and citizens of California. Defendants state that Capital was and is at all relevant times a Florida corporation with its principal place of business in Florida. Defendants state the Funding was and is at all relevant times a Michigan limited liability company, the members of which are Alliant, Inc., a Florida corporation with its principal place of business in Florida, and The Alliant Company LLC, a Florida limited liability company with its principal place of business in Florida.

In the motion to remand, plaintiff states that defendants' unsubstantiated assertions based on "information and belief" concerning the citizenship of plaintiff and its partners are insufficient to meet

3

defendants' burden to establish that removal was proper. In response, defendants concede that certain information in the Notice of Removal concerning plaintiff's citizenship was inaccurate, but cite to information contained in an unrelated action in this Court as establishing plaintiff's citizenship. Defendants state that in a complaint filed in <u>Affordable Communities of Missouri v. Jefferson Arms Building LLC</u>, No. 4:08-CV-617 CDP, plaintiff asserts that its general partner is 21st Century Communities, Inc., a Nevada corporation with its principal place of business in Nevada, and its limited partner is Barry Cohen, a Nevada resident. (<u>See</u> Ex. 1 to Defs.' Mem. Opp.).

Defendants submit a declaration of Capital's corporate counsel averring that defendant Capital is a Florida corporation with its principal place of business in Florida. Defendants state that defendant Funding's members at all relevant times were Alliant, Inc., a Florida corporation with its principal place of business in Florida, and The Alliant Company, LLC, a Florida limited liability company whose members are "individual persons, none of whom has Nevada citizenship." <u>See</u> Declaration of Laura K. Pattie, Vice President of Alliant, Inc. (Ex. 5 to Defs.' Mem. Opp.). Based on this information, defendants assert that they have demonstrated the jurisdictional elements of 28 U.S.C. § 1332 are satisfied.

Plaintiff replies that defendants have filed to meet their burden to establish that removal was proper, and urge the Court to also consider defendants' initial factual inaccuracies in the Notice of Removal regarding plaintiff's citizenship in determining whether defendants have met that burden.

The removal statute, 28 U.S.C. § 1332(a)(1), requires complete diversity of citizenship between plaintiffs and defendants. <u>Buckley</u>, 923 F.2d at 97, n.6. As stated above, the citizenship of a limited liability corporation for diversity purposes is that of its members, <u>GMAC</u>, 357 F.3d at 829,

and the citizenship of a partnership for diversity purposes is that of each of its partners, both general and limited. Carden, 494 U.S. at 195-96.

It is well established that allegations concerning the parties' residency do not satisfy requirements for federal diversity jurisdiction. Jones v. Hadican, 552 F.2d 249, 251 n.3 (8th Cir.), cert. denied, 431 U.S. 941 (1977); Pattiz v. Schwartz, 386 F.2d 300, 301 (8th Cir. 1968) (citing cases). Rather than allegations of each party's place of residence, there must be allegations of each party's place of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. 28 U.S.C. §§ 1332(a), (c)(1); see Sanders, 823 F.2d at 216.

In this case, defendants alleged on information and belief in the Notice of Removal that all of plaintiff's members partners were residents and citizens of the State of California. (Notice of Removal at 2). In opposition to plaintiff's motion to remand, defendants now allege that plaintiff's sole limited partner, Mr. Barry Cohen, is a *resident* of the State of Nevada. (Defs.' Mem. Opp. at 2). Defendants' allegation concerning Mr. Cohen's residency is insufficient to establish diversity of citizenship. See Sanders, 823 F.2d at 216. In addition, defendants do not list the names or states of citizenship of the individuals who allegedly comprise the members of The Alliant Company, LLC, one of defendant Funding's members, but rather only allege that none of the unnamed members has Nevada citizenship. This unspecific allegation is also insufficient to establish diversity of citizenship. See GMAC, 357 F.3d at 829. Defendants have therefore failed to meet their burden to establish that complete diversity of citizenship exists among the plaintiff and defendants in this matter.

**Conclusion**.

For the foregoing reasons, the Court concludes that defendants have failed to meet their burden to establish the requisite diversity of citizenship. This matter must therefore be remanded for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **GRANTED**. [Doc. 10]

An appropriate order of remand will accompany this memorandum and order.

　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of November, 2008.